**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 5:02 CR 00094** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Judge Peter C. Economus** |
| | ) | |
| **ECKHARD N. BUGASCH,** | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |

On February 3, 2004, the Defendant, Eckhard Bugasch, was sentenced to forty-nine (49) months imprisonment, followed by three (3) years of supervised release, for Receipt of Child Pornography, a Class C felony. His supervised release commenced on December 23, 2006.

On or about August 11, 2009, the U.S. Pretrial Services and Probation Office submitted a violation report alleging the following violations of the terms of supervised release:

1. **New Law Violation (Failure to Maintain Sex Offender Registration)** (Federal Statute 18 U.S.C. §2250(a)(1) and Ohio Revised Code: ORC 2950.05).

2. **Failure to Comply with Sex Offender Registration Requirements**

3. **Filing False Monthly Supervision Report (MSR) since March 2007:** Mr. Bugasch has failed to report any e-mail address on his MSR, when in fact he has two.

    4.    **False Statements to the U.S. Probation Officer:** Mr. Bugasch falsely claimed on repeated occasions, he had no access to a computer or the Internet.

    5.    **Failure to Cooperate with Sex Offender Counseling:** Mr. Bugasch has been untruthful during sex offender counseling sessions, repeatedly denying access to computer and the Internet.

The matter was referred to Magistrate Judge James S. Gallas to conduct the appropriate procedures and supervised release revocation hearing, if necessary. A warrant was issued for Mr. Bugasch's arrest. The Defendant was arrested, and Rule 32.1 proceedings and a detention hearing were scheduled for August 25, 2009.

The Defendant appeared before the Magistrate Judge for a violation hearing on August 25, 2009, and was represented by retained counsel Donald J. Malarcik. The Defendant waived preliminary hearing revocation hearing, admitted to the violations as charged in the August 11, 2009 report, and waived detention without bond. The Magistrate Judge has issued a report and recommendation, recommending that the Court find that the Defendant has violated standard and special conditions of his supervised release.

The Court has reviewed the Magistrate's report and recommendation and finds that it is well-supported. The Defendant has admitted violations one through five as charged in the Probation Office's August 11, 2009, violation report. As a result, the Court finds that the Defendant has violated the terms of his supervised release.

The Court has considered the statutory maximum sentence of two years pursuant to

18 U.S.C. § 3583(e)(3). The Court has also considered the advisory policy statements set forth in Chapter Seven of the United States Sentencing Guidelines prior to imposing sentence. The guideline range is 4-10 months pursuant to U.S.S.G. § 7B1.4(a). Furthermore, the Court has considered the factors for sentencing listed in 18 U.S.C. § 3553(a) and 3583(d).

The Court hereby **ADOPTS** the Magistrate's Report and Recommendation. (Dkt. # 56). Based on this Court's review of all relevant factors, the Court hereby orders that the Defendant's supervised release is **REVOKED**, and the Defendant is sentenced to four (4) months imprisonment followed by sixteen (16) months of additional supervised release. Additionally, all previous conditions of supervised release shall be continued, and the Defendant shall be subject to an additional computer/internet restriction. As a result of this additional condition, the Defendant is prohibited from accessing any 'on-line' computer service at any location (including employment or education) without prior written approval of the U.S. Pretrial Services and Probation Office (USPSPO) or the Court. This includes any Internet Service Provider, bulletin board system or any other public or private computer network. Any approval shall be subject to conditions set by the USPSPO or the Court with respect to that approval. The Defendant shall consent to the USPSPO conducting periodic unannounced examinations of his computer system(s), which may include retrieval and copying of all memory from hardware/software and/or removal of such systems(s) for the purpose of conducting a more thorough inspection and will consent to having installed on his computer(s), at his expense, any hardware/software to monitor his computer use or prevent access to particular materials. The Defendant hereby consents to periodic inspection of any

such installed hardware/software to insure it is functioning properly. The Defendant shall provide the USPSPO with accurate information about his entire computer system (hardware/software); all passwords used by him; and his Internet Service Provider(s); and will abide by all rules of the Computer Restriction and Monitoring Program. The Defendant shall submit to his person, residence, place of business, computer, and/or vehicle, to a warrantless search conducted and controlled by the USPSPO at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The Defendant shall inform any other residents that the premises and his computer may be subject to a search pursuant to this condition.

**IT IS SO ORDERED.**


Issued: August 31, 2009   s/ Peter C. Economus
                          PETER C. ECONOMUS
                          UNITED STATES DISTRICT JUDGE